NICHOLAS SHILLING AND OTHERS *vs.* JOSIAH SHILLING.— *December*, 1847.

In 1841, *S.* made his will, and devised an estate for life to his wife, from the crops to be raised on the farm on which he then resided. To his son *N.* he devised a tract of land, on which the son resided. To his son *J.* he devised all the rest and residuary part of the tract or tracts of land of which the testator was in possession, and on which he then (now) resided, and every thing (personal,) wheresoever found upon the premises, intended to be devised; *provided* that he, *J.*, should grant unto the testator's widow an ample and comfortable support during her life. To his son *N.* he gave an estate in trust for his daughter *R.* In 1844, the testator conveyed his whole estate in trust to pay debts, and afterwards, to pay over to him all monies which remained in the hands of the trustee, or to reconvey to the testator all such portions of real and personal property as might *remain unsold.* The trustee sold the whole estate under the deed, and paid the surplus in money, which in fact was the proceeds of the personalty, to the executor of the testator. *Held,* the executor, after payment of debts, &c. was bound to pay the balance in his hands to the son *J.,*—and that the deed of trust was not a revocation of the will in reference to *J's* interest in the surplus.

APPEAL from the ORPHANS Court of *Carroll* County.

On the 19th July, 1847, *Nicholas Shilling* and others filed their petition, representing that they are the children of *Murray Shilling*, deceased; and that they and others, and *Josiah Shilling* are all the children and heirs-at-law of said *M. S.;* that the said *M. S.*, in his life-time, to wit—on the 19th *March*, 1841, made and executed a last will and testament; that the said *M. S.* died about the 22d May, 1846; that on

the 10th April, 1844, the said *M. S.* executed a deed of trust to *W. P. M.*; that after the execution of said deed, the trustee therein named, at the instance and by the direction of said *M. S.*, sold and disposed of, for the purposes in said deed mentioned, all the property in said last will and testament mentioned, and thereby devised to your petitioner, *Nicholas*, and to the use of your petitioner, *Ruth;* and that at the time of the death of said *M. S.*, there was none of the property in said last will mentioned remaining unsold, for the purpose of paying the *debts of said Murray Shilling*, except a part of said property in said will mentioned, which was thereby devised to said *Josiah Shilling;* that all the real and personal estate in said deed of trust mentioned, and which was all the real and personal estate of said *Murray Shilling*, was sold by the said trustee; and that the proceeds thereof, after the payment of the debts of said *Murray Shilling*, according to the provisions of said deed of trust, have been paid over by said trustee to *Nicholas Shilling*, one of your petitioners, to whom letters testamentary on the estate of the said *Murray Shilling* have been heretofore granted, the said *Josiah Shilling*, who was also appointed by said last will one of the executors, having renounced; that your petitioner, *N. S.*, is now ready and desirous to distribute the funds in his hands, as executor as aforesaid, under the order and direction of your Honors: and they state that they are advised, and therefore submit to your Honors, that the facts and circumstances aforementioned, are sufficient to avoid and annul, and amount in law to a revocation of said last will and testament of said *M. S.* and indicate an intention by the said *M. S.* to revoke said last will,—and that therefore all the heirs-at-law of said *M. S.* are entitled to an equal distribution of the funds now in the hands of said executor.

Your petitioners further shew, that the said *Josiah Shilling* claims and pretends that he is entitled, by virtue of said last will and testament, to the whole of the said proceeds now remaining in the hands of said executor—although, as your petitioners have before stated, the whole of the said property devised by the said last will and testament to your petitioners, had

been sold by the direction of said *Murray Shilling* in his life-time, and applied to the payment of his debts, and the proceeds of the residue now being in the hands of said executor, are the whole in value of the estate left by said *Murray Shilling* at his death.

*Prayer*, to order and direct that the said monies now in the hands of said executor, may be distributed equally amongst all the heirs-at-law of said *M. S.*, &c.

The will of *Murray Shilling* devised as follows:

Item. To my wife, *Rebecca Shilling*, I give and bequeath, during *her natural life and widowhood*, a full and ample support, out of and from the products of crops raised upon the farm on which I now live, and which I have devised to my son, *Josiah Shilling ;* and that the said farm be her residence, with her son, *Josiah Shilling*, the same as it now is in my life-time.

Item. To my son, *Nicholas Shilling*, I give and bequeath all of that tract, piece, or parcel of land on which the said *Nicholas Shilling* now resides.

Item. In consideration of my son, *Josiah Shilling*, having resided with and labored for me since he has arrived at the age of manhood, without receiving a full compensation there-for, *I give and bequeath to him all of the rest and residuary part of the tract or tracts of land which I am in possession of, and upon which I now reside.* Also, I give and bequeath to him my negro boy, *Richard*, a slave for life, my household goods and kitchen furniture, farming utensils, of every description and kind, and all and every the stock upon the farm, consisting of horses, cows, sheep, hogs, *and every other thing or things of whatsoever consisting, or wheresoever found upon the premises, hereby intended to be conveyed ;* provided always, that my son, *Josiah Shilling*, do grant unto my beloved wife an ample and comfortable support, during her natural life and widowhood—she having the right to reside with him upon said farm.

Item. I give and bequeath to *Nicholas Shilling*, in trust, for the sole benefit and use of my daughter, *Ruth Yingling*, and her heirs, without the control of her husband, *Benjamin Yingling*, one house and lot of land, containing about twelve

acres of land, situate on the *Deer Park* road. Also, a lot of land, near to *Westminster.* &c. &c.

Item.—Lastly. I constitute and appoint my two sons, *Nicholas Shilling* and *Josiah Shilling*, executors of this, my last will and testament.

The deed of trust to *William P. Maulsby* from *M. S.,* made the 10th April, 1844, recited:

Whereas, the said *M. S.* is largely indebted to several persons, and many judgments have been rendered against him in *Carroll* County Court, for sundry of said debts and otherwise, and whereas, for the purpose of securing the payment of all said judgments, and the other debts due and owing by said *M. S.,* he is willing to execute these presents. And the said *W. P. M.* hath agreed to accept the trust hereinafter declared and created.

Now this indenture witnesseth, that for, &c., he, the said *Murray Shilling*, hath given, &c. the said *W. P. M.* and his heirs, all the hereinafter mentioned real estate and personal property, to wit: all that tract, or parts of tracts, or parcels of land, lying and being in *Carroll* County, in said State, composing the farm on which the said *M. S.* now resides, &c.; and also, one other parcel of land, lying and being in said county, on the *Deer Park* road; *and also all the other real estate of him, the said Murray Shilling, of every kind and description, where-ever the same may be situate;* and also all the personal property, of every kind and description, of him, the said *Murray Shilling,*—to have, &c. in trust, that the said *W. P. M.* and *his heirs, may sell all the said real estate and personal property,* either at public, or private sale, for cash, or on credit, as he may deem best,—and the proceeds of said sales to apply first to pay and satisfy all judgments at this time obtained against the said *Murray Shilling*, principal, interest, and costs of suit, with power and authority to contest such as are not fair, just, legal or equitable, after having first paid all costs and expenses attending the execution of the trust hereby credited; and after retaining for himself, the said *William P. Maulsby,* a compensation for his trouble in executing this trust; and secondly, to

pay and satisfy all just and fair debts due and owing by him, the said *Murray Shilling,* with power to contest such as are not fair, just, legal or equitable; and lastly, to pay over to the said *Murray Shilling,* or to his executors, or administrators, all monies which may remain in the hands of him, the said *William P. Maulsby,* after paying and satisfying the judgments, expenses and debts aforesaid; or to reconvey to the said *Murray Shilling,* or to his heirs, executors, or administrators, all such portions of said real estate or personal property, as may remain unsold for the purposes aforesaid.

The cause was submitted to the Orphans Court on the following statement of facts.

"*Murray Shilling* executed the paper filed with the petition, as and for a last will, on the day it bears date, which paper was duly admitted to probate in this court. Said *S.* also executed the paper filed with said petition, the same being a deed of trust to *Wm. P. Maulsby,* on the day it bears date. During the life-time of *S.* the trustee, at the instance and request of said *S.* sold all the property which was by said last will and testament devised to *N. S.* and in trust for *R. Y.* and applied the proceeds to the payment of the debts of said *Shilling,* so far as the same went. After the death of said *Shilling,* the said trustee sold the balance of the property conveyed by said deed and applied the proceeds to the payment of the remaining debts of said *Shilling,* which were owing by him at the date of said deed, and after the payment of said debts, there remained in the hands of said trustee, a balance of money arising from said sales which he paid over to *Nicholas Shilling,* to whom letters testamentary on the estate of said *Murray Shilling* had been granted by this court. The amount so paid by said trustee to said *Nicholas Shilling* constitutes the whole amount of estate of said *Murray Shilling,* which said *Nicholas* has in his hands. The said *Murray Shilling* died on the 24th May, 1846. It is agreed that the paper marked C, containing a statement of the testimony, which is not deemed material, of several witnesses, and the admission of the deed to *Nicholas Shilling* may be considered as containing the tes-

timony of those persons—the said facts being deemed material by the counsel of *Josiah Shilling.*

It is contended by the petitioners, that the amount now in the hands of said *N. S.*, as executor, ought to be distributed amongst all the heirs-at-law of said *Murray Shilling*—the widow of said *S.* being entitled to an allowance for her dower in the proceeds of sale of the personal property. The said *J. S.* contends that he is entitled to the whole amount, deducting that to which the widow is entitled—she having renounced said will, in the hands of said executor, by virtue of said last will and testament. It is, therefore, submitted to the court, whether the facts and circumstances contained in this statement and the said exhibit therein referred to, amount *to a revocation of said will?* or whether the said *Josiah* is entitled to the whole proceeds of said estate, by virtue of said will. If the court shall be of opinion that the said *Josiah* is entitled to the whole amount of said estate by virtue of said will, then it is agreed that it shall be decreed and ordered, that the balance which shall remain in the hands of said executor after the settlement of his final account, and after deducting such allowance as the court shall make to the widow, shall be paid by said executor to said *Josiah Shilling.* But if the court shall be of opinion that the facts and circumstances aforesaid amount to a revocation of said will, then the said amount in the hands of said executor, shall be distributed amongst all the heirs-at-law of said *Murray Shilling*, after deducting the allowance to the widow as aforesaid.

At August term, 1847, the Orphans Court decreed that *Nicholas Shilling*, the executor of *Murray Shilling*, deceased, proceed to make a final settlement in this court of the estate of said *Murray Shilling*, deceased; and after the payment of all just debts and expenses, to be allowed to him by this court for the settlement of said estate, and such sum as the court shall allow to the widow of said *Murray Shilling* as her right of dower, the said *Nicholas Shilling*, as the executor aforesaid, shall pay to *Josiah Shilling* the balance of said money in his hands, and that may hereafter come to his hands, as such

executor, as the proceeds of the sale of the property devised and bequeathed to the said *Josiah Shilling* by the last will of said *Murray Shilling.* And it is further ordered and adjudged, that the said *Nicholas Shilling*, as the executor aforesaid, bring into this court all the monies in his hands, as executor aforesaid, to be distributed and disposed of under the order and direction of the court, to the parties entitled under this decree to the same. And it is further ordered and adjudged, that the petitioners in this case pay the costs of this proceeding, to be taxed by the Register of Wills of this court.

From this decree *Nicholas Shilling* and others, petitioners, appealed to this court.

The cause was argued before ARCHER, C. J., CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.

By McLEAN for the appellants, and

By J. N. STEELE for the appellee.

By the court:                    DECREE AFFIRMED.